Freddie FORD, Plaintiff,

v.

CITY OF CAPE GIRARDEAU, MISSOURI, et al., Defendants.

No. 1:92CV121–DJS.

United States District Court, E.D. Missouri, Southeastern Division.

July 21, 1993.

Judgment nunc pro tunc, July 29, 1993.

Doris Black, St. Louis, MO, for plaintiff.

David G. Beeson, Partner, Stephen C. Wilson, Buerkle and Beeson, Jackson, MO, for defendants.

## *ORDER*

STOHR, District Judge.

Plaintiff filed the instant action against the City of Cape Girardeau, its police department and various city officials alleging race discrimination in connection with plaintiff's employment as a police detective, in violation of 42 U.S.C. section 2000e (Count I), the

Missouri Human Rights Act ("MHRA"), R.S.Mo. Section 213.010 *et seq.* (Count II) and 42 U.S.C. section 1983 (Count III). On February 23, 1993 defendants filed a motion for sanctions and motion to strike pursuant to Fed.R.Civ.P. 11, arguing that all three counts of plaintiff's complaint are not well grounded in fact in that they incorporate a factual allegation known to plaintiff to be false, namely that on April 19, 1991, following the filing of misdemeanor charges against him, plaintiff was suspended without pay. Defendants assert that plaintiff was not in fact suspended without pay on April 19, 1991, and submit copies of city payroll registers supporting their assertion that plaintiff continued to be paid through April and May of 1991.

Plaintiff failed to respond to the motion for sanctions and motion to strike. In fact, since the filing of the complaint on September 8, 1992, plaintiff has made only one other filing to date, his October 13, 1992 memorandum in opposition to a motion to dismiss Count I of his complaint, which motion was granted on December 22, 1992. On April 15, 1993, the Honorable Stephen N. Limbaugh, the district judge then presiding in the case, ordered plaintiff and plaintiff's counsel to show cause on or before May 5, 1993 why the motion for sanctions and motion to strike should not be granted, and also granted defendant's motion to compel plaintiff to answer interrogatories. Plaintiff and plaintiff's counsel have failed to comply with Judge Limbaugh's order, having neither responded to the show cause order nor answered the interrogatories. Furthermore, plaintiff has failed to timely file any opposition to defendants' motion to dismiss filed May 17, 1993 and motion for partial summary judgment filed May 25, 1993.

In light of plaintiff's failure to comply with the order of this Court and for the reasons set forth in the motion, the Court will grant defendants' motion for sanctions and order plaintiff and plaintiff's counsel jointly and severally to remit to defendants' counsel $300.01 in attorney's fees and expenses incurred in the filing of the motion for sanctions. The Court will deny defendants' alternative motion to strike. Furthermore, defendants' unopposed motion to dismiss and mo-

tion for partial summary judgment will be granted for the reasons set forth therein. In the alternative, the entry of judgment in defendant's favor is warranted pursuant to Fed.R.Civ.P. 37(b)(2) and 41(b) as a sanction for plaintiff's failure to comply with prior orders of this Court.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for sanctions is granted, and plaintiff and plaintiff's counsel, jointly and severally, shall remit to defendants' counsel within ten (10) days of the date of this order attorney's fees and costs in the amount of $300.01.

**IT IS FURTHER ORDERED** that defendants' alternative motion to strike is denied.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss and motion for partial summary judgment are granted.

### JUDGMENT NUNC PRO TUNC

Pursuant to Rule 60(a), the judgment entered July 21, 1993, is hereby amended nunc pro tunc to read as follows:

Pursuant to the order entered herein this day,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Counts I, II and III of plaintiff's complaint are dismissed with prejudice, and, in the alternative as to Count III only, summary judgment is entered against plaintiff and in favor of all defendants except the City of Cape Girardeau on Count III of the complaint.